```
              UNITED STATES DISTRICT COURT
                        FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

**GERALD A. WEST,**                       :
                                          :
      **Plaintiff**           :     No. 1:15-CV-00858
                                          :
  **vs.**                               :     (Judge Kane)
                                          :
**LIEUTENANT MILLER, et al.,**            :
                                          :
      **Defendants**          :

### MEMORANDUM

**Background**

On October 20, 2015, the court issued an order granting Plaintiff's second motion (Doc. 21) for an extension of time to file a brief in opposition to Defendants' pending motion to dismiss and/or for summary judgement. (Doc. No. 22). The time for Plaintiff to file an opposition brief and a response to Defendants' statement of material facts was extended until November 20, 2015. The order further advised Plaintiff that failure to comply with the order would result in the dismissal of Plaintiff's complaint for failure to prosecute and abide by a court order.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to
> dismiss a plaintiff's action with prejudice
> because of his failure to prosecute cannot

> seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of <u>nonsuit</u> and <u>non</u> <u>prosequitur</u> entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

<u>Id</u>. at 629-30.  The Court of Appeals for this circuit held in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis.  There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.  <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[1] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Though the deadline for filing a brief and response to Defendants' statement of material fact has passed, Plaintiff has neither filed a brief nor has he requested an additional extension of time in which to do so.  By order of October 20, 2015, Plaintiff was specifically directed to comply with Local Rule 7.6 by filing a brief in opposition.  The Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in Poulis.  The court will, pursuant to

---

1. The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement.  The six factors are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

An appropriate order will be entered.